### FISHELL *vs.* WINANS.

Where, in an action to recover the price of wheat delivered under a contract, at a price fixed, the defendant sets up by way of counter-claim, the damages he has sustained by reason of the plaintiff's refusal to deliver the whole quantity agreed upon, he is, if he establishes such defense, entitled to be allowed as damages, the difference between the contract price of the wheat not delivered, and the market value thereof, at the time it was to have been delivered, with *interest* on that difference.

THIS was an appeal from a judgment upon a verdict, entered at the circuit. The action was brought to recover the purchase price of 236 bushels of wheat, sold by the plaintiff to the defendant, in November, 1858, at one dollar and fifty cents per bushel. The defense was that the plaintiff agreed to sell his whole crop, amounting to about 1000 bushels; and that, after delivering about 200 bushels, he refused to deliver the balance; and the defendant set up, by way of

counter-claim, the damages he had sustained by reason of the non-delivery of the balance. The jury found a verdict in favor of the plaintiff for $119.85.

*J. A. Stull,* for the appellant.

*Newton & Ripsom,* for the respondent.

*By the Court,* WELLES, J. The most important question litigated at the circuit was whether, in the fall of 1853, a valid contract was made between the parties, by which the plaintiff was to deliver his whole crop of wheat then in his barns, except what he needed for his own use, to the defendant at $1.50 per bushel, to be paid for, $250 on the 1st day of January, 1854, and the balance on the 1st day of April following. The evidence on this question was conflicting. The defendant proved the contract, by his own testimony, which was in several respects corroborated by other witnesses. The plaintiff in his own testimony denied making such contract, and was to some extent also corroborated. The plaintiff delivered to the defendant from 200 to 250 bushels of wheat in November, 1853. One of the plaintiff's witnesses testified to the quantity, fixing it at 236 bushels. The plaintiff admitted in his testimony that he had 860 bushels of wheat that he raised that year, which he disposed of after he had ceased delivering to the defendant, at $2.25 per bushel.

It was proved that on the 1st of January, 1854, wheat was worth, in market, $2.00 per bushel and in May following $2.25.

By the contract as claimed by the defendant to have been proved, the plaintiff was to deliver his crop along as he could, conveniently. The defendant testified that on the 1st day of January, 1854, he tendered to the plaintiff $250, provided he would give a receipt for it to apply on the contract. That he refused to take it; offered to

receive the money, but would not accept it to apply on the contract.   The judge charged the jury, among other things, in substance, that if they believed from the evidence that the plaintiff agreed with the defendant to deliver him his whole crop of wheat as claimed by the defendant, the latter was entitled to be allowed as damages for the plaintiff's violation of the contract the difference between the contract price, twelve shillings a bushel, and the market value of the wheat on the 1st day of January, 1854, and that the defendant was not entitled as matter of law to interest on this difference; and that they might allow interest or not, as the jury in their discretion thought proper.   The defendant's counsel duly excepted to this part of the charge.

The defense was a counter-claim set up by the defendant for damages for the non-delivery of the balance of the plaintiff's wheat, pursuant to the contract as alleged by the defendant.   The verdict of the jury was in favor of the plaintiff, for $119.85, showing indisputably that they must have found the contract to deliver substantially as claimed by the defendant.   Otherwise the verdict should and doubtless would have been for $354, with interest from the 1st of January, 1854, on $250, and from the 1st of April, 1854, on $104, to the time of the trial, amounting to over $150, and, with the contract price of the wheat delivered, to over $500.   The question then is, was the defendant legally entitled to be allowed interest on his counter-claim.   In my opinion he was, and the judge should have so instructed the jury.   The case of *Dana* v. *Fiedler*, (2 *Kern.* 40,) which was an action by the plaintiffs on a contract, to recover damages for the non-delivery of merchandise, the court of appeals held that the plaintiff was entitled to recover the difference between the contract price, and the market value of the goods at the time and place specified for its delivery, *with interest thereon.*   Johnson, J. who delivered the only opinion in that case, remarks on the question of interest, as follows: "The party is entitled, on the day of per-

Fishell *v.* Winans.

formance, to the property agreed to be delivered. If it is not delivered, the law gives as the measure of compensation then due, the difference between the contract and market prices. If he is not also entitled to interest from that time, as matter of law, this contradictory result 'follows : that while an indemnity is professedly given, the law adopts such a mode of ascertaining its amount, that the longer a party is delayed in obtaining it the greater shall its inadequacy become." And again, after showing the consistency of leaving the question of interest to the discretion of the jury, the learned judge proceeds: "The right to interest, in actions upon contract, depends not upon discretion, but upon legal right, and in actions like the present is as much a part of the indemnity to which the party is entitled, as the difference between the market value and the contract price." All the judges, except Selden, concurred in these views of Judge Johnson. The case cannot be distinguished in principle, on this question of interest, from the one under consideration.

I think, also, the judge at the circuit erred in declining to charge the jury as requested by the defendant's counsel and in charging the contrary thereof, as stated in the case. Also in allowing the plaintiff to testify what his son said the defendant told him, when he was sent to inquire of the defendant whether he wanted any more wheat, &c. But the verdict would not be disturbed for these errors, because they were immaterial in view of the result, and have worked no injury to the defendant; the verdict having established the defendant's counter-claim, as we must intend from its amount, and related only to the question of the defendant's right to his counter-claim. If I am wrong in this, then the judgment should be reversed for the reason that the charge and the evidence improperly received and given might have been prejudicial to the defendant. There was a waiver by the defendant of full performance of the plaintiff's contract to deliver all his crop he had to spare. All the defendant said was, "if you will deliver me one half of the wheat you

agreed to let me have, at the price agreed, I will let you off." The condition was never performed by the plaintiff. He at first agreed to the proposition, but afterwards expressly declined.

I think, for the error of the judge in his instruction to the jury on the subject of interest, as before stated, the judgment should be reversed and a new trial ordered, with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, E. Darwin Smith* and *Welles,* Justices.]